

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,444

**EX PARTE JOSEPH ANTHONY CRAWFORD, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 994680 IN THE 185th DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest

and sentenced to eighteen years' imprisonment.[1] The Fourteenth Court of Appeals affirmed his

---

[1] A jury found Applicant guilty of the felony offense of evading arrest or detention. Subsequently, the trial court sentenced Applicant to thirty-five years' confinement. The First Court of Appeals affirmed his conviction but reversed and remanded for a new trial on punishment. *See Crawford v. State*, No. 01-05-00292-CR (Tex. App.– Houston [1st Dist.] April 6, 2006, no pet.). The trial court conducted the new punishment hearing without a jury. The Applicant was sentenced to eighteen years' confinement.

conviction. *Crawford v. State*, No. 14-06-00818-CR (Tex. App.–Houston [14th Dist.], delivered September 13, 2007, pet. ref'd).

Applicant contends that his trial counsel rendered ineffective assistance because she failed to lodge a timely objection in order to preserve Applicant's right to have a jury assess punishment after remand from the intermediate appellate court.

The trial court, based upon the record and an affidavit filed by counsel, has determined that the Applicant was denied his right to have a jury assess punishment after remand due to counsel's failure to timely object. We find, therefore, that the Applicant is entitled to a new punishment hearing in the judgment of conviction in Case No. 994680 from the 185th Judicial District Court of Harris County, and Applicant is remanded to the custody of the sheriff of Harris County so that a new punishment hearing may be held.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 10, 2010
Do Not Publish